UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>DANNY ELLIS NASH,<br><br>　　　　　　Defendant. | No. CR-04-2183-FVS<br><br>ORDER |

**THIS MATTER** comes before the Court based upon Danny Nash's motion to dismiss.  He is represented by Mr. Richard A. Smith; the government by Assistant United States Attorney James P. Hagarty.

**BACKGROUND**

Mr. Nash is charged with the crimes of felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and possession of an unregistered firearm, 26 U.S.C. § 5861(d).  He moves to dismiss the felon-in-possession charge (Count 1) on the ground the state conviction upon which the federal charge is based was not, as required by 18 U.S.C. § 922(g)(1), "a crime punishable by imprisonment for a term exceeding one year[.]"

**RULING**

Section 922(g)(1) does not say "punished"; it says "punishable."  Thus, the issue is not whether Mr. Nash was punished by a term of imprisonment exceeding one year, but whether he could

ORDER - 1

have received such a sentence. *United States v. Horodner*, 993 F.2d 191, 194 (9th Cir.1993). *See also United States v. Arnold*, 113 F.3d 1146, 1148 (10th Cir.1997). Since the maximum term of imprisonment for the crime of assault in the second degree was (and is) ten years, RCW 9A.36.021; RCW 9A.20.021(1)(b), Mr. Nash clearly could have received a sentence exceeding one year. Consequently, under *Horodner*, his prior assault conviction qualifies as a predicate offense under § 922(g)(1). The principal issue raised by Mr. Nash's motion to dismiss is whether *Horodner* remains valid in light of *Blakely v. Washington*, --- U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). In that case, the Supreme Court said, "'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Id.* at ----, 124 S.Ct. at 2536 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000)). Furthermore, said the Supreme Court, "[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Id.* at ----, 124 S.Ct. at 2537. This is the principle upon which Mr. Nash relies. After *Blakely*, says Mr. Nash, the word "punishable," as used in the phrase "crime punishable by imprisonment for a term exceeding one year," cannot mean the maximum term of imprisonment that is specified by state statute. Rather, the word "punishable" must mean the top end of the relevant guideline range. At the time Mr. Nash was sentenced for second degree assault, the top end of the

relevant guideline range was nine months incarceration. If Mr. Nash's interpretation of § 922(g)(1) is correct, his prior assault conviction will not support a felon-in-possession charge. While the Ninth Circuit has yet to decide this issue, the Circuit has expressed skepticism regarding the assertion that the presumptive guideline range has replaced the statutory maximum as the measure of punishment in states that have adopted determinate sentencing schemes. *United States v. Moreno-Hernandez*, 397 F.3d 1248, 1255 (9th Cir.2005) (stating, in dicta, "*Blakely* has not changed the maximum sentence available under Oregon law, although it did change the procedures that may be used to determine the imposition of a particular sentence"). Several judges in the District of Oregon have gone further than the Ninth Circuit did in *Moreno-Hernandez*; they have rejected Mr. Nash's argument altogether. *See, e.g., United States v. Diaz*, No. CR-04-178-KI, 2005 WL 1278854, at *5 (D. Ore. May 24, 2005). This makes sense. *Blakely* limits a sentencing judge's ability to consider many facts that have not been admitted by the defendant or found by a jury beyond a reasonable doubt. However, by its very terms, *Blakely* does not limit a judge's consideration of prior convictions. *See United States v. Quintana-Quintana*, 383 F.3d 1052, 1053 (9th Cir.2004). Nor does *Blakely* purport to limit the scope of either 18 U.S.C. § 922(g)(1) or 18 U.S.C. § 920(a)(20). Indeed, as the government points out, the Ninth Circuit continues to assume these statutes refer to the statutory maximum, not the guideline range. *United States v. Marks*, 379 F.3d 1114, 1119 (9th Cir.2004), *cert. denied*, --- U.S. ----, 125 S.Ct. 1355, 161 L.Ed.2d

148 (2005).  Given *Blakely*'s holding and the manner in which the Ninth Circuit has responded to it, Mr. Nash's reliance upon *Blakely* is misplaced.

**IT IS HEREBY ORDERED:**

Mr. Nash's motion to dismiss Count 1 (**Ct. Rec. 32**) is denied.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___17th___ day of June, 2005.

                s/ Fred Van Sickle
                  Fred Van Sickle
        Chief United States District Judge